BOARD of ZONING ADJUSTMENT of the City of Little Rock *v.* Vernon CHEEK

96-117                                                    942 S.W.2d 821

Supreme Court of Arkansas
Opinion delivered April 7, 1997

*Thomas M. Carpenter*, City Attorney, by: *Robert L. Baker*, for appellant.

*Timothy O. Dudley*, for appellee.

TOM GLAZE, Justice. This case involves property located within Little Rock's three-mile zoning jurisdiction, and while the property was zoned for residential purposes, the City had allowed it to be used for an auto repair business as a nonconforming use as of 1991. After Cheek purchased the property in 1993, he opened his auto-repair business, and the Little Rock zoning staff concluded that the nonconforming use of the property had been abandoned. Cheek appealed the staff's decision to the Little Rock Board of Zoning Adjustment, but at a hearing held on December 27, 1993, the Board upheld the staff's determination that Cheek's documentation was insubstantial and failed to support his claim that the nonconforming use of the property had not been abandoned for one year. The Board orally announced its decision at the December 27 hearing, and that decision was noted on the bottom of Cheek's application for a variance.

On January 19, 1994, the Board received further documentation from Cheek and notice that he intended to appeal the Board's determination to circuit court. In fact, Cheek mailed a notice of appeal to the Board on January 26, 1994, but he failed to file his notice with the circuit court. Instead, on February 7, 1994, Cheek filed a complaint in circuit court against the Board, seeking a declaratory judgment and demanding a jury trial. On February 22, 1994, Cheek received the Board's final notice that he must

cease operation of his auto repair shop or file for rezoning. Cheek filed a motion to stay enforcement of the Board's action.

On August 26, 1994, the Board filed a motion to dismiss Cheek's complaint, contending the circuit court lacked jurisdiction because Cheek had not properly perfected his appeal. Cheek responded, stating that, under Ark. Code Ann. § 14-56-425 (1987), he had thirty days within which to appeal the Board's final action under Arkansas's Inferior Court Rules. The trial court determined that Cheek's appeal time commenced when the Board, in its final action, approved its minutes on January 31, 1994; it further found Cheek's complaint filed in circuit court on February 7, 1994, was a timely appeal from the Board's approval of its minutes. The trial court erred.

We need not decide whether Arkansas law required Cheek to perfect his appeal from the Board's initial action on December 27, 1993, or from the Board's approval of its minutes on January 31, 1994, because Cheek indisputably did neither. As previously mentioned, § 14-56-425 required Cheek to appeal the Board's final action in the manner provided under Rules 8 and 9 of Arkansas's Inferior Court Rules. In particular, Rule 9(a) provides that an appeal of a civil case from an inferior court to circuit court must be filed with the clerk of the circuit court having jurisdiction within thirty days from the entry of the judgment, and Rule 9(c) specifically mandates as follows:

> When the clerk of the inferior court, or the court [Board, here] in the absence of a clerk, neglects or refuses to prepare and certify a record for filing in the circuit court, the person desiring an appeal may perfect his appeal on or before the 30th day from the date of the entry of the judgment in the inferior court [Board] by filing an affidavit in the office of the circuit court clerk showing that he has requested the clerk of the inferior court or the inferior court [Board] to prepare and certify the record thereof for purposes of appeal and that the clerk or the court [Board] has neglected to prepare and certify such record for purposes of appeal. (Insertions added.)

As previously mentioned, Cheek failed to file a timely appeal from the Board's December 27, 1993 decision, nor did he appeal from the Board's approval of minutes on January 31, 1994.

Instead, on January 26, 1994, he mailed an appeal notice to the Board from the December 27 decision, but subsequently abandoned that effort and filed a complaint in circuit court for declaratory relief against the Board on February 7, 1994. While the trial court made some mention that it would treat Cheek's February 7 complaint as an appeal, Cheek never filed a record of the Board's proceedings with the circuit court, nor did Cheek ever file an affidavit with the circuit court stating, as required by Inferior Court Rule 9, that Cheek had requested a record, but the Board had failed and neglected to prepare and certify it. In sum, Cheek simply failed to perfect his appeal in the time and manner provided by law; therefore, the trial court never acquired jurisdiction of Cheek's appeal. *See West Apartments, Inc. v. Booth*, 297 Ark. 247, 760 S.W.2d 861 (1988); *see also Ottens v. State*, 316 Ark. 1, 871 S.W.2d 329 (1994); *Edwards v. City of Conway*, 300 Ark. 135, 777 S.W.2d 583 (1989).

Cheek also argues that the Board is now precluded from raising the argument that the circuit court had no jurisdiction of Cheek's appeal because, earlier, the Board had filed a petition for writ of prohibition with our court concerning the same issue, and it lost. In this respect, on December 9, 1994, Cheek filed a mandamus action directing the circuit court to accept Cheek's belated appeal. When the circuit court granted mandamus, the Board did not appeal, but instead petitioned this court for a writ of prohibition, asserting the trial court had no jurisdiction to accept a belated appeal. Cheek argues that, because the Board's petition was denied and the Board did not appeal the trial court's mandamus order, the Board is barred by *res judicata* and cannot now collaterally attack it.

Suffice it to say, in denying the Board's earlier petition for writ of prohibition, we offered no opinion indicating whether the trial court had jurisdiction of Cheek's appeal. We also note that the Board's contention has always remained essentially the same throughout all the parties' actions, petitions, motions, and responses, namely, that the trial court never acquired jurisdiction of Cheek's appeal.

█    While Cheek argues the Board is barred by *res judicata* or collateral estoppel, his argument simply overlooks the fact that he failed to comply with the provisions of Inferior Court Rule 9, which are mandatory and jurisdictional in nature. In short, the circuit court in this matter never had jurisdiction of Cheek's appeal, and the trial court never acquired it by Cheek's filing a mandamus action. Neither did the circuit court have authority to grant a belated appeal. *Edwards*, 300 Ark. 136, 137, 777 S.W.2d 583, 584.

Although we are resolute in deciding the circuit court had no authority to hear Cheek's appeal, we would be remiss in failing to point out the obvious and understandable confusion the parties and trial court encountered when trying to interpret § 14-56-425. That statutory provision attempts to provide for appeals to circuit court from final actions taken by administrative and quasi-judicial agencies, and, in doing so, incorporates the same appeal procedure this court has provided in our Inferior Court Rules 8 and 9.

Our Inferior Court Rules, of course, generally deal in terms of appeals from "entry of judgment" and appellate records prepared and certified by a "court clerk" — terms normally inapplicable to actions taken by administrative agencies, boards, and commissions. We would like to suggest to the General Assembly that it address this rather murky area caused by § 14-56-425, and provide some clarity so as to avoid administrative-appeal problems such as the ones evidenced in this decision.

For the reasons given hereinabove, we reverse and dismiss.