## NIGHT CLUBS, INC. *v.* FORT SMITH PLANNING COMMISSION, *et al.*

98-165                                984 S.W.2d 418

Supreme Court of Arkansas
Opinion delivered January 21, 1999

*Eddie N. Christian Jr.*, for appellant.

*Bassett Law Firm*, by: *Gary V. Weeks* and *James M. Graves*, for appellees.

ANNABELLE CLINTON IMBER, Justice. This is an appeal from an order of the circuit court dismissing the appeal by appellant, Night Clubs, Inc., d/b/a Regina's House of Dolls, II., (Regina's II), due to lack of subject-matter jurisdiction. We affirm.

On March 20, 1997, Regina's II filed a Business Registration Application with the City of Fort Smith to open a nightclub at 7000 Highway 71 South in Fort Smith, Arkansas. The Fort Smith Planning Commission approved the Business Registration Application and assigned a zoning classification of Commercial-5 to the proposed business use by Regina's II. On April 1, 1997, Regina's II requested approval from the City of Fort Smith to open a nude-dancing establishment at the same location. Mr. William Harding, Director of Planning, determined that nude dancing was not listed as a use in Fort Smith's zoning ordinances. Pursuant to section 27-97 of the Fort Smith Municipal Code, Mr. Harding decided

that the unlisted use proposed by Regina's II should be assigned a zoning classification of Commercial-5-SPL-D. At the time of this decision, only one site in the City of Fort Smith was zoned Commercial-5-SPL-D. Regina's II appealed the Planning Director's decision to the full Planning Commission pursuant to section 27-97(3) of the Fort Smith Municipal Code. A hearing was held on May 13, 1997. At the conclusion of the hearing, the Planning Commission voted unanimously to uphold Mr. Harding's decision that the proposed use was unlisted and that the proposed use should only be allowed on premises zoned Commercial-5-SPL-D.

On June 12, 1997, Regina's II filed a complaint against the Planning Commission, its members, and the City of Fort Smith in the Sebastian County Circuit Court pursuant to the Fort Smith Municipal Code § 27-97 and Ark. Code Ann. §14-56-425 (Repl. 1998). The complaint appealed the Planning Commission's May 13, 1997 decision. However, no record of the Planning Commission's proceedings was filed with the circuit court. On September 16, 1997, the Planning Commission filed a motion for summary judgment, alleging in part that the circuit court lacked jurisdiction to hear the zoning appeal because Regina's II failed to perfect its appeal in the manner required by Ark. Code Ann. § 14-56-425. This motion was treated as a motion to dismiss, pursuant to Rule 12(h)(3) of the Arkansas Rules of Civil Procedure. On October 15, 1997, the circuit court granted the Planning Commission's motion to dismiss. Regina's II now appeals the circuit court's decision on the grounds that Ark. Code Ann. § 14-56-425 is unconstitutionally vague because it fails to give adequate notice of the proper procedure for perfecting an appeal from the Planning Commission's decision.

A review of a challenge to the constitutionality of a statute begins with the principle that statutes are always presumed to be constitutional and the burden of proving otherwise is upon the party challenging the statute. *Jones v. State*, 333 Ark. 208, 969 S.W.2d 618 (1998); *State v. Torres*, 309 Ark. 422, 831 S.W.2d 903 (1992). We must construe a statute as constitutional if it is possible to do so. *Jones, supra.*

Regina's II filed its appeal from the Planning Commission pursuant to section 27-97 of the Fort Smith Municipal Code and Ark. Code Ann. § 14-56-425. Section 27-97(5) provides: "The decision of the Planning Commission on the appropriate zone of a new use may be appealed to the Court of the appropriate jurisdiction." Arkansas Code Annotated § 14-56-425, entitled "Appeals to Circuit Court," further provides:

> In addition to any remedy provided by law, appeals from final action taken by the administrative and quasi judicial agencies concerned in the administration of this subchapter may be taken to the circuit court of the appropriate county where they shall be tried de novo according to the same procedure which applies to appeals in civil actions from decisions of inferior courts, including the right of trial by jury.

Regina's II suggests that section 14-56-425 does not require that the appeal from the Planning Commission be perfected according to the same procedure that applies to appeals from decisions of inferior courts; but, rather, merely provides that a *de novo* standard of review be applied by the circuit court. Thus, Regina's II argues that section 14-56-425 is void for vagueness because it does not provide potential appellants with adequate notice as to what procedures must be followed to perfect their appeal.

A law is unconstitutionally vague under due process standards if it does not give a person of ordinary intelligence fair notice of what is prohibited. *Craft v. City of Fort Smith*, 335 Ark. 417, 984 S.W.2d 22 (1998). A statute will pass constitutional scrutiny if the language conveys sufficient warning when measured by common understanding and practice. *Jones, supra; Dougan v. State*, 322 Ark. 384, 912 S.W.2d 400 (1995).

We previously interpreted the requirements of Ark. Code Ann. § 14-56-425 in *Board of Zoning Adjustment v. Cheek*, 328 Ark. 18, 942 S.W.2d 821 (1997). There we held that section 14-56-425 incorporates the appeal procedure found in Inferior Court Rules 8 and 9. *Id.* In particular, Rule 9 provides:

> (a) *Time for Taking Appeal.* All appeals in civil cases from inferior courts to circuit court must be filed in the office of the clerk

of the particular circuit court having jurisdiction of the appeal within thirty (30) days from the date of the entry of judgment.

(b)  *How Taken*. An appeal from an inferior court to the circuit court shall be taken by filing a record of the proceedings had in the inferior court. It shall be the duty of such clerk to prepare and certify such record when requested by the appellant and upon payment of any fees authorized by law therefor. The appellant shall have the responsibility of filing such record in the office of the circuit clerk.

(c)  When the clerk of the inferior court, or the court in the absence of a clerk, neglects or refuses to prepare and certify a record for filing in the circuit court, the person desiring an appeal may perfect his appeal on or before the 30th day from the date of the entry of the judgment in the inferior court by filing an affidavit in the office of the circuit court clerk showing that he has requested the clerk of the inferior court or the inferior court to prepare and certify the record thereof for purposes of appeal and that the clerk or the court has neglected to prepare and certify such record for purposes of appeal.

In *Cheek*, we construed the words "inferior court" as used in Rule 9 to include the Board of Zoning Adjustment, which is similar to the Planning Commission in this case. *Id.* We then held that the circuit court never acquired jurisdiction over the appeal because Cheek failed to properly perfect his appeal pursuant to Rule 9. *Id.* Specifically, Cheek failed to file in the circuit court: 1) a record of the Board's proceedings; or 2) an affidavit stating that he had requested a record but the Board had neglected to prepare and certify it. *Id.*

It is clear that a statute is not void–for–vagueness where its terms may be adequately determined through reference to judicial decisions construing it. *See State v. Torres*, 309 Ark. 422, 831 S.W.2d 903 (1992); *Carter v. State*, 225 Ark. 225, 500 S.W.2d 368 (1973). We have also said that any interpretation of a statute by this court subsequently becomes a part of the statute itself. *See Burns v. Burns*, 312 Ark. 61, 847 S.W.2d 23 (1993).

■ *Cheek* clearly construes Ark. Code Ann. § 14-56-425 to require compliance with Rules 8 and 9 of our Inferior Court Rules in order to perfect an appeal to the circuit court. The statute, therefore, cannot be void for vagueness as its requirements may be adequately determined by reference to the *Cheek* decision. Further, *Cheek* was decided on April 7, 1997, and Regina's II hearing before the full Planning Commission was held on May 13, 1997. Thus, at the time the Planning Commission upheld the zoning classification, the interpretation of section 14-56-425, as articulated in *Cheek*, had become a part of the statute.

Regina's II also asserts that our language in *Cheek* reflects an awareness of vagueness in the statute. Specifically, Regina's II notes our reference to a "murky area caused by section 14-56-425." However, a careful reading of *Cheek* reveals that we were referring to terms such as "entry of judgment" and "court clerk," which are used in the Inferior Court Rules but do not normally apply to actions taken by administrative agencies, boards, or commissions. Nonetheless, in *Cheek*, we were resolute in deciding that the circuit court had no authority to hear the appeal because Cheek filed to file in the circuit court either a record of the board's proceedings or an affidavit reflecting a request for such a record.

■ Therefore, we hold that Ark. Code Ann. § 14-56-425 is not unconstitutionally vague under due process standards because we have previously construed that statutory provision to require compliance with the appeal procedure set forth in Rules 8 and 9 of our Inferior Court Rules. Regina's II failed to file with the circuit court either a record of the Planning Commission's proceedings, or an affidavit reflecting a request for such a record. Thus, we also hold, as we did in *Cheek*, that Regina's II failed to perfect its appeal in the manner provided by Inferior Court Rule 9, and we affirm the circuit court's dismissal of the appeal.

Affirmed.