Gary COMBS *v.* CITY of SPRINGDALE

05-1032 233 S.W.3d 130

Supreme Court of Arkansas
Opinion delivered March 23, 2006

*Everett, Wales & Mitchell,* by: *Jason H. Wales,* for appellant.

*Office of the City Attorney, City of Springdale, Arkansas,* by: *Ernest B. Cate,* for appellee.

BETTY C. DICKEY, Justice. The Washington County Circuit Court dismissed Gary Combs' appeal from the Springdale City Council (city council), citing a lack of subject-matter jurisdiction. His appeal was certified to this court from the Arkansas Court of Appeals pursuant to Ark. Sup. Ct. R. 1-2(b)(1) and 1-2(b)(6). We find no error and affirm.

The appellant wanted to divide a tract of land he owns in Springdale, Arkansas. When the Springdale Planning and Community Development Division denied his request for a lot split, he appealed to the Springdale City Council. On April 26, 2005, the city council orally voted to deny his request for a lot split. On April 29, Combs filed a notice of appeal from the city council's decision with the Washington County Circuit Court, pursuant to Ark. Code Ann. § 14-56-425 (Repl. 1995). This statute incorporates Arkansas District Court Rule 9, requiring an appellant to perfect his appeal by filing in the circuit court either a certified record of the proceedings in the district court, or an affidavit stating that he requested a record but the clerk of the district court neglected or refused to provide him with one. An appeal must be perfected in one of these two ways within thirty days of an entry of judgment in the lower court. At its next meeting, on May 10, the city council approved the minutes of the April 26 meeting, with two superficial alterations. On May 26, the appellant filed an amended complaint with the circuit court. Neither the original nor the amended complaint contained either a certified record of the city council meeting, or an affidavit stating that the appellant had requested a certified record but the Springdale City Clerk had neglected to provide him with one. Thus, neither complaint perfected the appeal as required by Rule 9. On May 31, the city council filed a

motion to dismiss, alleging that the trial court lacked subject-matter jurisdiction because of appellant's failure to comply with Rule 9. On June 1, the appellant filed a certified record of the city council meeting with the court. On June 16, the trial court heard arguments on the motion to dismiss, ruled that it lacked subject-matter jurisdiction, and on July 6, entered an order of dismissal. This appeal followed.

Combs raises a single point on appeal: *The trial court erred by dismissing appellant's appeal under Ark. Code Ann. § 14-56-425 for lack of subject-matter jurisdiction.*

### Standard of review

This court reviews a trial court's decision on a motion to dismiss by treating the facts alleged in the complaint as true and viewing them in the light most favorable to the plaintiff. *Fuqua v. Flowers*, 341 Ark. 901, 20 S.W.3d 388 (2000). We review issues of statutory construction *de novo*. *Barnett v. Howard*, 353 Ark. 756, 120 S.W.3d 564 (2003).

### Discussion

The appeal from the city council's action was pursuant to Ark. Code Ann. § 14-56-425, which provides:

> In addition to any remedy provided by law, appeals from final action taken by the administrative and quasi-judicial agencies concerned in the administration of this subchapter may be taken to the circuit court of the appropriate county where they shall be tried de novo according to the same procedure which applies to appeals in civil actions from decisions of inferior courts, including the right of trial by jury.

This court has interpreted Ark. Code Ann. § 14-56-425 to incorporate the appeal procedure found in District Court Rules 8 and 9. *Ingram v. City of Pine Bluff*, 355 Ark. 129, 133 S.W.3d 382 (2003). In particular, Rule 9 provides in part:

> (a) *Time for Taking Appeal.* All appeals in civil cases from district courts to circuit court must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal within 30 days from the date of the entry of judgement . . . .
>
> (b) *How Taken.* An appeal from a district court to the circuit court shall be taken by filing a record of the proceedings had in the district

court. Neither a notice of appeal nor an order granting an appeal shall be required. It shall be the duty of the clerk to prepare and certify such record when requested by the appellant and upon payment of any fees authorized by law therefor. The appellant shall have the responsibility of filing such record in the office of the circuit clerk.

(c) *Unavailability of Record.* When the clerk of the district court, or the court in the absence of a clerk, neglects or refuses to prepare and certify a record for filing in the circuit court, the person desiring an appeal may perfect his appeal on or before the 30th day from the date of the entry of the judgement in the district court by filing an affidavit in the office of the circuit court clerk showing that he has requested the clerk of the district court (or the district court) to prepare and certify the record thereof for purposes of appeal and that the clerk (or the court) has neglected to prepare and certify such record for purposes of appeal. A copy of such affidavit shall be promptly served upon the clerk of the district court (or the court) and the adverse party.

The filing requirements of Rule 9 are mandatory and jurisdictional, and failure to comply prevents the circuit court from acquiring subject-matter jurisdiction. *Douglas v. City of Cabot,* 347 Ark. 1, 59 S.W.3d 641 (2001). Any interpretation of a statute by this court becomes a part of the statute itself. *Night Clubs, Inc. v. Fort Smith Planning Comm'n,* 336 Ark. 130, 984 S.W.2d 418 (1999).

Combs argues that the thirty-day period allowed for the perfection of appeals by Rule 9 began to run on May 10, when the city council approved the minutes of its meeting held on April 26. The city council contends that the statutory period began to run on April 26, when it voted to deny the appellant's petition for a lot split. The appellant did not file until June 1 either a certified record of the city council meeting or an affidavit stating that the city clerk had neglected to grant his request for one, thus failing to perfect his appeal before that time. Thus, determining the date which began the diminution of the statutory period will decide the outcome of this appeal.

Because section 14-56-425 only permits appeals from final action, as a threshold matter it is necessary to determine if the city council vote held on April 26 constituted a final action as the term is used in the statute. In *Stromwall v. City of Springdale Planning Commission,* 350 Ark. 281, 86 S.W.3d 844 (2002), this court

interpreted the term "final action" found in section 14-56-425. There, we quoted with approval the United States Supreme Court's statement in *Williams County Regional Planning Commission v. Hamilton Bank of Johnson City,* 473 U.S. 172 (1985), "[T]he finality requirement is concerned with whether the initial decision maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury." *Stromwall,* 350 Ark. at 846. We also said, "[F]or an order or action to be final it must terminate the action, end the litigation, and conclude the parties' rights to the subject matter in controversy." *Id.* And in the same vein, "Where further proceedings are contemplated, that do not involve merely collateral matters, the order or action is not final." *Id.* In *Stromwall,* we held that a preliminary plat approval by the Springdale City Planning Commission was not a final action under section 14-56-425 because further actions in the matter were contemplated, and there were still outstanding issues to be determined before the plat was finally approved. Here, no further action in the matter was contemplated, and no outstanding issues remained to be determined. The vote of the city council on April 26, which denied Combs' request for a lot split, signified that it had arrived at a definitive position on the issue that inflicted an actual, concrete injury on Combs, and it concluded the parties' rights to the subject matter in controversy. The April 26 vote meant that the city council had definitely determined that the appellant would not be permitted to split his lot, and the approval of the minutes on May 10 was merely a recordation of that determination. Accordingly, we hold that the vote taken on April 26, 2005, was a final action for the purposes of section 14-56-425.

The appellant argues that, assuming the vote of April 26 was a final action, the thirty-day statutory period does not begin to run because the time period mentioned in Rule 9 begins to run upon an entry of judgment, which the appellant asserts is analogous to the approval of the minutes on May 10, not to the vote of April 26. However, as we noted in *Board of Zoning Adjustment v. Cheek,* 328 Ark. 18, 942 S.W.2d 821 (1997), the phrase "entry of judgment" is generally inapplicable to actions taken by administrative agencies. Though a literal interpretation of Rule 9, which uses terms such as "district courts," "entry of judgment," and "clerk of the district court," is not particularly helpful in the context of the present case, Arkansas case law provides guidance on the question of when the statutory period begins to run in situations like the one

*sub judice.* In *Green v. City of Jacksonville,* 357 Ark. 517, 182 S.W.3d 124 (2004), we calculated that the statutory period of an appeal pursuant to section 14-56-425 began to run when the Jacksonville City Council approved a final plat. The Arkansas Court of Appeals, in *Pierce Addition Homeowners Ass'n v. City of Vilonia Planning Commission,* 76 Ark. App. 393, 65 S.W.3d 485 (2002), held that the statutory period of an appeal pursuant to section 14-56-425 began to run when the Vilonia City Planning Commission made a final ruling permitting a petitioner to resume construction. The reasoning in both cases is that the statutory period began to expire on the date of a final decision on the merits, and therefore supports the appellee's argument that this statutory period began to run with the vote on April 26.

Combs contends that the cases cited can be distinguished, because there is no evidence that the agencies did not also formally approve and record the decisions on the same day as the vote. Whether the decisions in both cases coincided with a formal recording of the same is unclear, but both trial courts concluded that the statutory period began to run on the date of a final decision on the merits of the dispute. The final decision here was the vote held on April 26. In *Serna v. Board of County Commissioners of Bernalillo County,* 88 N.M. 282, 540 P.2d 212 (1975), the Supreme Court of New Mexico dealt with an argument parallel to that of Combs' in the present case, and held that a statutory limitations period began to run on the date of a final decision by the county board, and not on the date the minutes of the board meeting were approved. In *Serna,* the court stated, "They seek to avoid this late filing by showing that the minutes of the meeting of the Board held on April 16 were not finally approved until May 21. . . . The minutes are only a record of the action taken." *Serna,* 88 N.M. at 284, 540 P.2d at 214.

Also, the term "final action" is the only temporal limitation specifically mentioned in section 14-56-425, and in this case the vote taken on April 26 was the final action. That fact militates in favor of calculating the statutory period from the date of the vote.

Combs asserts that the practical consequence of calculating from the time of the vote on April 26 effectively imposes a statutory period less than the mandatory thirty days provided for by Rule 9. The appellant contends that it was not possible to perfect the appeal in the present case until after the city council approved the minutes of the April 26 meeting on May 10. He

argues that he could not have filed an affidavit perfecting his appeal pursuant to Inferior Court Rule 9(c) prior to May 10, because that provision only applies when the clerk neglects or refuses to prepare a record, and here there was no record capable of being prepared or certified, thus there could not be neglect or refusal until after the approval of the minutes. Calculating the statutory period from April 26 would allow him sixteen days, not thirty, to perfect his appeal.

 The appellant misinterprets Rule 9(c). In a situation where an agency has taken a final action, but has not prepared a formal record of that action, an appellant can perfect his appeal within the thirty-day period of Rule 9 by filing an affidavit stating that he requested a certified record from the city clerk, and that one was not provided. Here, there is no evidence that the appellant requested a certified record of the April 26 proceedings until after the appellee filed its motion to dismiss on May 31. Combs could have perfected his appeal pursuant to section 14-56-425 and Rule 9 any time between April 26, when the final action occurred, and May 26, when the thirty-day statutory period expired. He failed to do so, and we therefore affirm the decision of the circuit court.

Affirmed.

GLAZE, J., dissents.

TOM GLAZE, Justice, dissenting. In *Board of Zoning Adjustment v. Cheek*, 328 Ark. 18, 942 S.W.2d 821 (1997), we suggested that the General Assembly revisit the confusing language used in Ark. Code Ann. § 14-56-425 (1987). Specifically, we questioned what that legislative body intended when it provided for an appeal to the circuit court from a "final action" taken by an administrative and quasi-judicial agency like the Springdale City Council. *See also Green v. City of Jacksonville*, 357 Ark. 517, 182 S.W.3d 124 (2004); *Ingram v. City of Pine Bluff*, 355 Ark 129, 133 S.W.3d 382 (2003); and *Pierce Add'n Homeowners v. City of Vilonia*, 76 Ark. App. 393, 65 S.W.3d 485 (2002).

As pointed out by the majority, § 14-56-425 incorporates Arkansas Inferior Court Rule 9, which must be followed in *all* civil cases appealed from a district court to circuit court. However, in such a situation, a question arises regarding whether the General Assembly intended to require the party appealing to *file within thirty days from the date of the "entry of judgment,"* even though a City Board

does not actually issue a "judgment." Under Ark. R. Civ. P. 58, a judgment "shall be set forth on a separate document and is effective only when so set forth and entered as provided in Administrative Order No. 2." Thus, the thirty-day time limit for filing an appeal from that decision commences only when the lower court's judgment is entered.[1]

If we are going to continue to apply the same procedural rules used in appealing district court decisions to circuit court, we should consider the action taken by the Springdale Board to be ineffective until the Board finalizes its decision by entering its approval of the minutes reflecting the Board's prior vote. Until such action is taken, I am unaware of any rule or law that would bar the Board or any of its members from requesting another vote on the action previously taken. Moreover, there is nothing that would prevent members from asking that the Board's action be modified in some way until that action has been entered, filed, and finalized. In other words, I would reverse the trial court's decision and interpret *"final action"* in § 14–56–425 to mean a decision that is effective or triggered by the *filing or entry* of the judgment, decision, or action taken, whether it is a City Board action or District Court order.

In my view, it is senseless to review each record in every council vote or action in order to determine if there could be additional matters or actions to deal with in the future. It is simpler and more accurate to compute the thirty-day period as beginning when the council or board approves and "enters" or "files" its minutes, effectively putting the subject to rest.

---

[1] The majority opinion refers to a New Mexico case, *Serna v. Board of County Commissioners of Bernalillo County*, 88 N.M. 282, 540 P.2d 212 (1975); however, that case involves that state's own unique rules, procedures, and case law. For example, the New Mexico rule pertaining to appeals from a zoning authority reads, "The petition [for writ of certiorari] shall be presented to the court within thirty (30) days after the decision is entered in the records of the clerk of the zoning authority." See N.M. Stat. Ann. § 14–20–7 (1963). The *Serna* court interpreted these words to mean that the *30-day period for filing a petition for writ of certiorari commenced* to run *when the zoning board makes its decision, not when the decision is filed*. In contrast, our District Court Rule 9 provides for appeals, not petitions for writs of certiorari; most importantly however, our Rule 58 and Administrative Order No. 2 provide that the *filing* dates control all appeal-related deadlines.