Jim NETTLES and Shirley Nettles *v.* CITY of LITTLE ROCK; City of Little Rock Planning Comm'n

CA 06-82                                    238 S.W.3d 635

Court of Appeals of Arkansas
Opinion delivered September 6, 2006

Appellants, *pro se.*

*William C. Mann, III,* Chief Deputy City Att'y, for appellees.

KAREN R. BAKER, Judge. This appeal arises from the Pulaski County Circuit Court's finding that it was without jurisdiction to review the pro se appellants Jim and Shirley Nettles' appeal that challenged a decision by the City of Little Rock and the City of Little Rock Planning Commission, appellees. The primary issue on appeal to this court concerns the sufficiency of the Nettles' affidavit to the trial court asserting their intent to appeal the appellees' decision and the timeliness of the filing of the affidavit. We hold that the trial court did have jurisdiction, and we reverse and remand the matter to the trial court for proper consideration of the Nettles' appeal.

The Nettles opposed the application by the Chenal Montessori School for a revised conditional- use permit to construct an adjacent building and enlarge its enrollment of students. This application for a revised-use permit was approved on March 17, 2005, by the Planning Commission. The Nettles then requested that the Little Rock Board of Directors rescind the Planning Commission's decision; however, the Directors confirmed the decision, refusing to alter or rescind the issuance of the revised permit. The Nettles' request for rescission was denied by the Directors on June 7, 2005, and on July 7, 2005, the Nettles filed an affidavit to appeal the denial. The Directors approved the minutes of the June 7, 2005 meeting on August 1, 2005. The Nettles filed an amended appeal to the circuit court attaching the approved minutes on August 15, 2005.

The affidavit stated: "Due to the time constraints wherein Pro Se Plaintiffs had but thirty (30) days to research, decide, and compose a timely filing, the City Clerk's response to a time estimate cannot be included in this Affidavit." The Clerk's response on July 12, 2005 states that the clerk "will only be able to certify to the transcribed and approved minutes of the Little Rock Board of Directors Meeting," and also states that she is in the process of transcribing those minutes. The response further states that "[o]nce they are approved by the Board of Directors, I will be able to copy and certify the transcribed minute record of that

meeting." The circuit judge dismissed the Nettles' appeal finding that they had failed to comply with Ark. Code Ann. § 14-56-425 (Repl. 1998) which incorporates the appeal procedure found in District Court Rules 8 and 9, and that the circuit court was therefore without jurisdiction to hear the appeal. This appeal followed.

Appellants assert that we must determine whether the Directors' decision was final at the June 7, 2005 meeting when the decision was made or was final in August when the Board approved the minutes of the meeting. Appellants argue that if the Directors decision was not final until August, their subsequent filing of the record with their amended appeal satisfied the statutory requirements for jurisdiction. In making that argument, they insist that this court must consider what actual harm occurs when an appellant properly requests the record but declines to swear that a city clerk has refused or neglected to produce that record. They argue that both the affiant and the State official would be subject "to the potential risk of unlawful activity" if the affiant submitted an affidavit swearing that an official of the State refused or neglected to perform an action they were required by law to do. They also expressed their concern regarding the proof necessary to substantiate their claim and questioned the weight of the evidence of telephone communication. It appears from their arguments that the Nettles were concerned that swearing that the clerk refused to produce the record was the same as accusing the clerk of committing an unlawful act which would subject both the Nettles and the clerk to retaliation. As the Nettles explained to the trial court: "For the City Clerk to simply notice a citizen that the record will not be available until a certain date is not in keeping with those two glaring words, neglected and refused. It is clear in the issue before this honorable Court that the City Clerk did not refuse to provide a record. She simply told Plaintiffs the truth, that she was prohibited from certifying the record until it became final."

Appellees simply rely upon the affidavit filed on July 7, 2005, and its failure to include the recitation that the clerk refused or neglected to prepare and provide the record. They assert that without that language in the affidavit or the filing of the certified record of the proceedings before the Board, the appeal was untimely and the circuit court had no jurisdiction to hear the matter.

Because section 14-56-425 only permits appeals from final action, as a threshold matter it is necessary to determine if the June

7, 2005, decision by the Directors constituted a final action as the term is used in the statute. Our supreme court discussed the issue of finality of a decision by governing city bodies in *Combs v. City of Springdale*, 366 Ark. 31, 233 S.W.3d 130 (2006):

> In *Stromwall v. City of Springdale Planning Commission*, 350 Ark. 281, 86 S.W.3d 844 (2002), this court interpreted the term "final action" found in section 14-56-425. There, we quoted with approval the United States Supreme Court's statement in *Williams County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), "[T]he finality requirement is concerned with whether the initial decision maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury." *Stromwall*, 350 Ark. at 846. We also said, "[F]or an order or action to be final it must terminate the action, end the litigation, and conclude the parties' rights to the subject matter in controversy." *Id.* And in the same vein, "Where further proceedings are contemplated, that do not involve merely collateral matters, the order or action is not final." *Id.* In *Stromwall*, we held that a preliminary plat approval by the Springdale City Planning Commission was not a final action under section 14-56-425 because further actions in the matter were contemplated, and there were still outstanding issues to be determined before the plat was finally approved.
>
> Here, no further action in the matter was contemplated, and no outstanding issues remained to be determined. The vote of the city council on April 26, which denied Combs' request for a lot split, signified that it had arrived at a definitive position on the issue that inflicted an actual, concrete injury on Combs, and it concluded the parties' rights to the subject matter in controversy. The April 26 vote meant that the city council had definitely determined that the appellant would not be permitted to split his lot, and the approval of the minutes on May 10 was merely a recordation of that determination. Accordingly, we hold that the vote taken on April 26, 2005, was a final action for the purposes of section 14-56-425.

■ As in *Combs*, the Directors' approval of the minutes from the June 7, 2005 meeting were merely a recordation of the Directors' determination with which the Nettles disagreed and challenged to the trial court. We hold that the decision was final on June 7, 2005, and the time for appeal began to run on that date. Therefore, we must decide if the affidavit filed on July 7, 2005, was

sufficient to meet our statutory requirements. The appeal from the city council's action was taken pursuant to Ark. Code Ann. § 14-56-425, which provides:

> In addition to any remedy provided by law, appeals from final action taken by the administrative and quasi-judicial agencies concerned in the administration of this subchapter may be taken to the circuit court of the appropriate county where they shall be tried de novo according to the same procedure which applies to appeals in civil actions from decisions of inferior courts, including the right of trial by jury.

Our supreme court has interpreted Ark. Code Ann. § 14-56-425 to incorporate the appeal procedure found in District Court Rules 8 and 9. *Ingram v. City of Pine Bluff,* 355 Ark. 129, 133 S.W.3d 382 (2003). In particular, Rule 9 provides in part:

> (a) *Time for Taking Appeal.* All appeals in civil cases from district courts to circuit court must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal within 30 days from the date of the entry of judgment. . . .

> (b) *How Taken.* An appeal from a district court to the circuit court shall be taken by filing a record of the proceedings had in the district court. Neither a notice of appeal nor an order granting an appeal shall be required. It shall be the duty of the clerk to prepare and certify such record when requested by the appellant and upon payment of any fees authorized by law therefor. The appellant shall have the responsibility of filing such record in the office of the circuit clerk.

> (c) *Unavailability of Record.* When the clerk of the district court, or the court in the absence of a clerk, neglects or refuses to prepare and certify a record for filing in the circuit court, the person desiring an appeal may perfect his appeal on or before the 30th day from the date of the entry of the judgement in the district court by filing an affidavit in the office of the circuit court clerk showing that he has requested the clerk of the district court (or the district court) to prepare and certify the record thereof for purposes of appeal and that the clerk (or the court) has neglected to prepare and certify such record for purposes of appeal. A copy of such affidavit shall be promptly served upon the clerk of the district court (or the court) and the adverse party.

The filing requirements of Rule 9 are mandatory and jurisdictional, and failure to comply prevents the circuit court from acquiring subject-matter jurisdiction. *Douglas v. City of Cabot,* 347 Ark. 1, 59 S.W.3d 641 (2001). Any interpretation of a statute by our supreme court becomes a part of the statute itself. *Night Clubs, Inc. v. Fort Smith Planning Comm'n,* 336 Ark. 130, 984 S.W.2d 418 (1999).

The question presented is whether the affidavit filed by the Nettles is sufficient to comply with District Court Rule 9(c). Critical to the analysis of this question is the supreme court's reasoning in *Velek v. City of Little Rock,* 364 Ark. 531, 222 S.W.3d 182 (2006). Our supreme court reasoned that:

> Although the Veleks did not use the exact words, "the clerk refused to prepare and certify the record," to require a defendant's affidavit to quote the Rule's language exactly in this instance would be to exalt form over substance. *See Romes v. State,* 356 Ark. 26, 144 S.W.3d 750 (2004) (rejecting argument that, simply because the word "continuance" was not used by counsel, the court should not consider this period as a delay requested by the defendant for purposes of speedy trial; clearly, a comment that counsel would "probably . . . need more time to prepare" was a request to continue the trial date, and to hold otherwise would be placing form over substance).
>
> In sum, the Veleks complied with Rule 9(c) by filing an affidavit before the thirtieth day after the date of the district court's judgment; the trial court erred in dismissing the Veleks' appeal.

*Id.*

Our supreme court's decision in *Velek* relied upon the affiant's statement that the clerk had specifically informed the affiant that the clerk would not provide the necessary transcript. Therefore, the substance of the affidavit established that the record was unavailable to the affiant because of an action or non-action by the clerk. In reaching its decision, the supreme court admonished that we must not exalt form over substance.

■ To ensure that we do not exalt form over substance, we must examine the substance of the Nettles' affidavit. The affidavit states that due to the time constraints, the affiant is unable to provide an estimate of the date when the record of the meeting would be available. The substance of the affidavit is that the

Nettles would provide the record when it was made available to them, but they did not know when the record would be available. The letter from the clerk to the Nettles confirms that the person responsible for preparing the required record was in the process of transcribing the record and would not release the record to the Nettles until after the Board's approval of the minutes of the meeting. Given these facts, we would be applying form over substance to say that the affidavit was insufficient because, like the appellant in *Velek*, the Nettles did not specify that the "clerk refused to prepare and certify the record." The substance of the affidavit and the clerk's response make clear that the record was not available to the Nettles on July 7 and would not be available until after it was transcribed and approved by the Board of Directors.

Accordingly, we hold that the trial court did have jurisdiction, and we reverse and remand the matter to the trial court for proper consideration of the Nettles' appeal.

BIRD and ROAF, JJ., agree.