James E. FRANKS, Judy Franks, Mark Branscum, Robert F. Lucas & James Alex Franks *v.* MOUNTAIN VIEW PLANNING & ZONING COMMISSION, et al.

CA 06-1234                                        258 S.W.3d 799

Court of Appeals of Arkansas
Opinion delivered June 13, 2007

*Herby Branscum, Jr.*, for appellants.

*Brad J. Williams*, for appellees

ROBERT J. GLADWIN, Judge. The Stone County Circuit Court found that James E. Franks and Judy Franks were untimely in their appeal of a decision of the Mountain View Planning and Zoning Commission and the Mountain View City Council (collectively, the City) and granted the City's motion for summary judgment. The Frankses raise four points on appeal. We affirm the circuit court because the appeal to that court was not properly perfected.

The Frankses are the developers of a subdivision in Mountain View. They assert that the subdivision was built in accordance with certain restrictive covenants and the City's zoning ordinance. In October 2003, the City permitted one of the landowners in the subdivision to make curb cuts in front of his home. The cuts were contrary to the development plans' uniform design. The Frankses filed an appeal to circuit court in April 2004 but nonsuited the appeal in September 2004.

On October 5, 2004, the Frankses were some of the eleven owners in the subdivision who submitted a petition to the Planning and Zoning Commission asking that it enforce the subdivision regulations. On October 11, 2004, Jana Richardson, as chair of the commission, and Mayor Crawford Wyatt sent a joint letter to James E. Franks, stating that all issues regarding the subdivision had been addressed but indicating that the matter would be placed on the commission's agenda for the October 18 meeting. The minutes from that meeting indicate that the petitioners' attorney asked the Commission to enforce the ordinances as written and stated that this would require the Commission to undo the action taken in October 2003 allowing curb cuts.

The City Council next considered the issue at its October 25, 2004 meeting. The minutes from that meeting indicate that the appellants' attorney told the Council that the matter before the Council was based on actions taken in October 2003. Counsel also made it clear that they were asking the Council to revisit the commission's October 2003 decision to allow the curb cuts. After a colloquy between Council members, the Mayor, and the city attorney about whether the issue was properly before the Council via a timely appeal, the Council moved on to other business without taking any action.

On November 12, 2004, the Frankses filed a "Complaint and Appeal" with the Stone County Circuit Court. The complaint's prayer sought reversal of the action of both the commission and the City Council, as well as damages for James E. and Judy Franks. The City answered, denying the material allegations and asserting several affirmative defenses, such as statute of limitations, res judicata, lack of subject-matter jurisdiction, and failure to exhaust remedies.

After its motion to dismiss was denied, the City filed a motion for summary judgment. The Frankses responded by filing affidavits in which they both stated that the present action was not

an appeal of the October 2003 action allowing the curb cuts and that the present suit concerned the denial of their right to be heard.

The trial court held a hearing on the motion for summary judgment, at which time the City argued, among other things, that the trial court lacked subject-matter jurisdiction in that the Frankses failed to comply with District Court Rule 9's requirements for the timing and manner of taking an appeal from action by the City Council. The trial court agreed with the City, finding that the issue at hand was the action taken by the City in October 2003 and that the Frankses failed to appeal that decision within thirty days, thereby depriving the court of jurisdiction. A written order was entered on July 24, 2006, and this appeal timely followed.

Appeals to circuit court in cases such as the one before us are governed by Ark. Code Ann. § 14-56-425 (Repl. 1998), which provides:

> In addition to any remedy provided by law, appeals from final action taken by the administrative and quasi-judicial agencies concerned in the administration of this subchapter may be taken to the circuit court of the appropriate county where they shall be tried de novo according to the same procedure which applies to appeals in civil actions from decisions of inferior courts, including the right of trial by jury.

Our supreme court has interpreted section 14-56-425 to incorporate the appeal procedures found in District Court Rules 8 and 9. *Combs v. City of Springdale*, 366 Ark. 31, 233 S.W.3d 130 (2006); *Ingram v. City of Pine Bluff*, 355 Ark. 129, 133 S.W.3d 382 (2003). In particular, Rule 9 provides in part:

> (a) Time for Taking Appeal. All appeals in civil cases from district courts to circuit court must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal within 30 days from the date of the entry of judgment. . . .

> (b) How Taken. An appeal from a district court to the circuit court shall be taken by filing a record of the proceedings had in the district court. Neither a notice of appeal nor an order granting an appeal shall be required. It shall be the duty of the clerk to prepare and certify such record when requested by the appellant and upon payment of any fees authorized by law therefor. The appellant shall have the responsibility of filing such record in the office of the circuit clerk.

(c) Unavailability of Record. When the clerk of the district court, or the court in the absence of a clerk, neglects or refuses to prepare and certify a record for filing in the circuit court, the person desiring an appeal may perfect his appeal on or before the 30th day from the date of the entry of the judgment in the district court by filing an affidavit in the office of the circuit court clerk showing that he has requested the clerk of the district court (or the district court) to prepare and certify the record thereof for purposes of appeal and that the clerk (or the court) has neglected to prepare and certify such record for purposes of appeal. A copy of such affidavit shall be promptly served upon the clerk of the district court (or the court) and the adverse party.

In *Combs*, the supreme court addressed a situation similar to the present case and noted that a literal interpretation of Rule 9, which uses terms such as "district courts," "entry of judgment," and "clerk of the district court," is not particularly helpful in the context of the present case. Nevertheless, the court held that Rule 9 requires that the appealing party *file either the record or an affidavit* within thirty days in order to timely perfect an appeal. Here, the Frankses did not comply with Rule 9 by filing either a certified copy of the record from the proceedings before the City Council or an affidavit stating that they could not timely file the record. Instead, they filed a "Complaint and Appeal From the Action of Mountain View[,] Arkansas[,] Planning and Zoning Commission and the City of Mountain View, Arkansas," and attached uncertified copies of the minutes of the commission and City Council meetings to their complaint. Despite the pleading's title, it is clear that the Frankses were seeking review of the City's action on their petition.

Strict compliance with the requirements of Rule 9 is necessary; substantial compliance will not suffice. *See Clark v. Pine Bluff Civil Serv. Comm'n*, 353 Ark. 810, 120 S.W.3d 541 (2003); *J&M Mobile Homes, Inc. v. Hampton*, 347 Ark. 126, 60 S.W.3d 481 (2001). Rule 9's thirty-day limit for filing an appeal is both mandatory and jurisdictional, and the failure to either file the record with the clerk or file an affidavit showing that the record has been requested from the clerk within those thirty days precludes the circuit court from having jurisdiction over the appeal. *Combs, supra*; *Velek v. State (City of Little Rock)*, 364 Ark. 531, 222 S.W.3d 182 (2006). The trial court correctly found that the Frankses did not timely perfect their appeal. Therefore, we affirm.

Affirmed.

MILLER, J., agrees.

MARSHALL, J., concurs.

D.P. MARSHALL JR., Judge, concurring. I concur in the court's opinion and judgment that we lack jurisdiction under District Court Rule 9 and our supreme court's precedents applying it. I write separately, however, because this case exemplifies why Rule 9 and the strict-compliance precedents do not adequately address the record issues in appeals from administrative decisions.

As the court notes, the Franks appellants attached unsigned and uncertified copies of all the relevant minutes to their "Complaint and Appeal." They alleged that these minutes accurately reflected the city's actions. The Mountain View appellees answered and admitted that these minutes were correct. All of these steps occurred within Rule 9's thirty-day period for perfecting an appeal by filing a certified record of what happened in the challenged administrative proceeding. There was thus no dispute about the truth of the administrative record filed by the Franks appellants.

If a substantial-compliance standard applied, then we could conclude that this appeal was perfected. As the court holds, however, precedent requires strict compliance with Rule 9. But that Rule needs to be clarified to reflect the realities of appeals to circuit court from decisions by administrative bodies. Where a party challenges administrative action in the circuit court and files all the existing documents about what happened in the administrative proceeding, and the administrative body admits the truth of those documents, all within the thirty-day period, then the purpose of Rule 9 has been satisfied and circuit court jurisdiction should exist.