

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR-15-529

|  |  |
|---|---|
| CASEY D. KENNEDY<br>**APPELLANT** | **Opinion Delivered** April 20, 2016<br><br>APPEAL FROM THE BOONE COUNTY CIRCUIT COURT<br>[NO. 05CR-2014-198] |
| V. | HONORABLE GORDON WEBB, JUDGE |
| STATE OF ARKANSAS<br>**APPELLEE** | DISMISSED; MOTION TO WITHDRAW GRANTED |

## LARRY D. VAUGHT, Judge

On October 1, 2014, appellant Casey Kennedy was convicted in the Boone County District Court of the misdemeanor offense of obstruction of government operations in violation of Arkansas Code Annotated section 5-54-102 (Supp. 2015). He received a thirty-day suspended sentence and was fined $265. On November 2, 2014, he appealed the conviction to the circuit court. The State moved to dismiss the appeal as untimely. The circuit court found that the appeal was untimely filed and dismissed the case, finding that it lacked jurisdiction. Kennedy appealed.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k), Kennedy's counsel has filed a motion to withdraw, alleging that this appeal is wholly without merit, and a brief in which all adverse rulings are abstracted and discussed.[1] Via

---

[1] We previously ordered rebriefing to cure deficiencies in the abstract and addendum. *Kennedy v. State*, 2016 Ark. App. 19. Those deficiencies have been remedied.

certified mail, Kennedy was sent a copy of the appellant's brief, his attorney's motion to withdraw, and a letter informing him of his right to file pro se points for reversal. He did not file pro se points.

The only adverse ruling below was the circuit court's determination that Kennedy failed to appeal his district court conviction to the circuit court within the thirty-day period prescribed by Rule 36 of the Arkansas Rules of Criminal Procedure. A defendant has the burden to ensure that his appeal from district court is timely filed. *See Williams v. State*, 2009 Ark. App. 525, 334 S.W.3d 873. The thirty-day filing requirement contained in Rule 36 is jurisdictional in nature. *Frolos v. State*, 2010 Ark. App. 498. The record demonstrates that Kennedy's circuit-court appeal was filed more than thirty days after the district-court order had been entered, and he failed to obtain an extension of time. Therefore, because the circuit court lacked jurisdiction, we also lack jurisdiction to review the circuit court's order. *Johnson v. Dawson*, 2010 Ark. 308, 10, 365 S.W.3d 913, 918 (citing *Clark v. Pine Bluff Civil Serv. Comm'n*, 353 Ark. 810, 120 S.W.3d 541; *Pierce Addition Homeowners Ass'n, Inc. v. City of Vilonia Planning Comm'n*, 76 Ark. App. 393, 65 S.W.3d 485 (2002)) ("Because the circuit court lacked jurisdiction, this court lacks jurisdiction as well.").

Dismissed; motion to withdraw granted.

GLADWIN, C.J., and HIXSON, J., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

No response.