Terry DOUGLAS, Evelyn Douglas,
and Hydco, Inc. *v.* CITY of CABOT,
City of Cabot Planning Commission,
and Summit/Sun Terrace Property
Owners' Association

01–426                                    59 S.W.3d 430

Supreme Court of Arkansas
Opinion delivered November 15, 2001

*Denise Reid Hoggard*, for appellants.

*Clinton D. McGue* and *Keith G. Rhodes*, for appellees.

W.H. "DUB" ARNOLD, Chief Justice. Appellants, Terry Douglas, Evelyn Douglas, and Hydco, Inc., bring the instant appeal challenging an order of the Lonoke County Circuit Court denying their petition for a writ of mandamus and granting appellees', City of Cabot, City of Cabot Planning Commission, and Summit/Sun Terrace Property Owners' Association, motion for dismissal. Along with the appeal, we consider appellees' pending motion to dismiss on the grounds that appellants failed to properly perfect the circuit-court appeal in compliance with applicable rules of procedure. We find merit in appellees' arguments, and we dismiss the appeal with prejudice.

*Background*

On September 30, 1999, appellant Hydco, Inc., applied for a building permit to construct a detached-garage structure on the Douglases' property. The parties agree that the permit application was deficient in at least one respect, namely that the required plot plan was not submitted in triplicate. The final plot plan was submitted on October 27, 1999, almost one month following the application. Moreover, Hydco's permit application described a metal garage structure with 30 feet by 60 feet dimensions. However, according to witness testimony and architectural drawings, the structure's actual dimensions were 42 feet by 60 feet. Despite the irregularities, the City issued Hydco a permit on October 6, 1999.

Hydco then began construction on the Douglases' property, including clearing trees and brush, and hauling in fill dirt. Electricity was also run to the site. Offsite, Hydco constructed and fabricated the metal garage facility. According to the Douglases, they spent over $32,000 toward construction prior to November 2, 1999. Then, in response to neighbors' complaints, the city building inspector issued a stop-work order prohibiting any further preparatory work on the building site.

Subsequently, the City of Cabot Planning Commission considered the matter at its regularly scheduled November meeting. The Planning Commission determined that the Board of Zoning Adjustment was the appropriate forum to resolve the dispute, and the matter was placed on the Board's December agenda. Interested parties were granted the opportunity to be heard. Ultimately, the Board upheld the city building inspector's decision to issue the stop-work order.

Before the administrative process concluded, the Douglases filed a petition for writ of mandamus in the circuit court on November 12, 1999. The City filed an answer and a motion to dismiss on December 2, 1999. Following a January 7, 2000 hearing, the trial court denied the motion to dismiss and ordered the Douglases to join Hydco as a necessary party. Appellants then filed an amended complaint on January 20, 2000, to which the appellees timely responded. Appellee Summit/Sun Terrace Property Owners' Association also intervened in the action.

On March 15, 2000, appellants filed a second amended complaint. Appellees then filed another motion to dismiss, a motion to

strike, and a motion for more definite statement. The trial court held a hearing on May 26, 2000, to consider the pending motions. After reviewing the parties' pleadings and arguments, witness testimony, and exhibits, the circuit court denied appellants' petition for a writ of mandamus and granted the motion to dismiss. From that order, comes the instant appeal.

*Motion to dismiss appeal*

■ As an initial matter, we consider appellees' jurisdictional challenge. Specifically, appellees claim that the appeal must be dismissed because it is untimely and fails to comply with the procedural requirements for perfecting an appeal. In response, appellants argue that the motion to dismiss should be denied because it is untimely and was not argued below. Appellants' posture is meritless. Subject-matter jurisdiction is a defense that cannot be waived by the parties at any time nor can it be conferred by the parties' consent. *See Moore v. Richardson*, 332 Ark. 255, 964 S.W.2d 377 (1998).

■ Here, appellants should have pursued their remedies before the Board and, failing a satisfactory ruling, appealed that decision to the circuit court. However, the Douglases and Hydco concede that they never filed an appeal from the Board's decision but elected to file an original mandamus petition in the circuit court. In so doing, they failed to exhaust their administrative remedies, and this court has long held that the failure to exhaust administrative remedies is grounds for dismissal. *See City of Dover v. Barton*, 337 Ark. 186, 987 S.W.2d 705 (1999).

The applicable rules of procedure prescribed the proper appeal route. For example, Ark. Code Ann. section 14-56-416 (Repl. 1998) permits the Board to hear appeals from the decisions of administrative officers regarding the enforcement or application of zoning ordinances, including denials of building permits. Ark. Code Ann. § 14-56-416(b)(2)(A), (c) (Repl. 1998). The statute also provides that the Board's decisions shall be subject to appeal only in a court of record having jurisdiction. Ark. Code Ann. § 14-56-416(b)(2)(B)(ii).

■ Arkansas Code Annotated section 14-56-425 (Repl. 1998) elaborates on the appeal process and explains that an appeal from the Board of Adjustment's administrative decision may be taken to the circuit court of the appropriate county and tried *de novo* under

the same procedure applicable to civil appeals from inferior-court decisions. *See City of Paragould v. Leath*, 266 Ark. 390, 583 S.W.2d 76 (1979) (permitting appeal from board of adjustment's administrative decision to the circuit court). Significantly, this court has interpreted the requirements of section 14-56-425 to include compliance with Inferior Ct. R. 9. *Board of Zoning Adjust. v. Cheek*, 328 Ark. 18, 942 S.W.2d 821 (1997); *Night Clubs, Inc. v. Forth Smith Plann. Comm'n*, 336 Ark. 130, 984 S.W.2d 418 (1999).

■ Rule 9 specifies that an appeal from an inferior court to the circuit court must be taken by filing (1) a record of the inferior-court proceedings, or (2) an affidavit showing that the appellant requested the record from the inferior-court clerk, but the clerk neglected to prepare and certify the record for appeal. Thus, the absence of either the record or the affidavit is fatal to any subsequent appeal. In other words, the requirements of Rule 9 are mandatory and jurisdictional. *Cheek*, 328 Ark. at 22, 942 S.W.2d at 823.

■ In the instant case, appellants acknowledge that they have neither filed the record of the City's administrative proceedings with the circuit court nor filed the required affidavit, certifying that they have attempted to obtain the record. Rather, they prematurely circumvented the appellate process by filing a writ of mandamus prior to the Board's reaching a final decision on the matter. In sum, appellants simply failed to perfect their appeal in the time and manner provided by law. Accordingly, the trial court never acquired jurisdiction of the appeal, nor did it acquire jurisdiction by appellants' filing of a mandamus action. *See Cheek*, 328 Ark. at 21, 942 S.W.2d at 823. In light of appellants' failure to exhaust their administrative remedies and to properly perfect an appeal, we grant appellees' motion and dismiss the appeal.