Emma STATON *v.*
AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY

04-56                                                    207 S.W.3d 456

Supreme Court of Arkansas
Opinion delivered April 21, 2005

Todd Turner and Dan Turner, and Orr, Scholtens, Willhite & Averitt, PLC, by: Chris Averitt, for appellant.

Wright, Lindsey & Jennings, LLP, by: Bettina Brownstein and Paul D. Morris, for appellee.

BETTY C. DICKEY, Justice. Appellant Emma Staton, individually and on behalf of a class of similarly situated persons, filed suit against Appellee American Manufacturers Mutual Insurance Co., seeking the release of surety bonds that Appellee had issued for payday lender Kentucky Cash Connection. Appellee moved for summary judgment, and the trial court granted the motion, holding that the judgment obtained was not the result of a risk covered by the bonds.

On appeal, Appellant argues that the trial court erred in holding that Appellee's surety bonds did not cover damages for violations of Arkansas's usury provisions. Appellee responds that, among other things, Appellant's failure to exhaust her administrative remedies before the State Board of Collection Agencies (State Board) deprived the trial court of jurisdiction over the suit.

The issues in this case are virtually identical to those in *Old Republic Surety Company v. McGhee*, 360 Ark. 562, 203 S.W.3d 94 (2005), in which a plaintiff sought the release of surety bonds that had been issued for a payday lender. In *Old Republic*, this court held that the trial court lacked jurisdiction over the suit because the plaintiff failed to exhaust her administrative remedies before the State Board. Our system of precedent requires that we follow the reasoning and result reached in *Old Republic*.

"The doctrine of exhaustion of administrative remedies provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed statutory administrative remedy has been exhausted." *Old Republic, supra*. This court has repeatedly held that the failure to exhaust administrative remedies is grounds for dismissal. *Id*. Exhaustion of remedies is not required, however, where it would be futile to do so. *Id*.

■ As did the plaintiff in *Old Republic,* Appellant first argues that Appellee's surety bonds do not require consumers to first seek relief before an administrative body like the State Board, because the bonds state that persons "shall have the right to bring an action on this bond against the principal or surety." According to Appellant, the bond specifically allows her to bring an action directly against the surety in circuit court. The language of the bond in this case is virtually identical to the language of the bond in *Old Republic.* As we noted in *Old Republic,* the bond does not state that there is a right of action "in the circuit court" or "in the courts of this state." It does, however, specifically contemplate an action before the State Board, because it states that "this bond, upon written demand by the State of Arkansas State Board of Collection Agencies shall be paid and turned over to the State of Arkansas State Board of Collection Agencies in accordance with the Rules and Regulations promulgated thereunder." See *Old Republic, supra.* The language of the bond therefore does not exempt Appellant from having to exhaust administrative remedies before filing suit in circuit court.

■ Appellant further argues that, even if she were required to seek an administrative remedy, such a requirement would not be imposed in this case because it would be futile to do so. It is true that exhaustion of administrative remedies is not required where an administrative appeal would be futile. *Cummings v. Big Mac Mobile Homes, Inc.,* 335 Ark. 216, 980 S.W.2d 550 (1998). Appellant asserts that it would be futile to seek an administrative remedy before the State Board because the Board has, in similar cases, made rulings that are unfavorable to plaintiffs who are in Appellant's position. This argument was raised and rejected in *Old Republic* as well. In *Old Republic,* this court explained that the fact that the State Board had previously ruled against the plaintiff on a similar claim was not, in itself, enough to demonstrate futility, reasoning that "there are sound policy reasons for allowing the agency to correct any mistakes it may have made in prior decisions. By skipping the crucial step before the Board, Appellee has deprived the agency of the opportunity to correct any mistake it may have made in the previous case. In turn, she has deprived the circuit court of a fully developed record to review." *Id.* It is therefore not futile to require Appellant to exhaust her administrative remedies before proceeding with her claim in circuit court.

■ Because Appellant failed to exhaust her administrative remedies before filing suit, under the reasoning of *Old Republic*, this court must hold that the trial court lacked jurisdiction over the suit and that the complaint should therefore have been dismissed. Appellant may file in circuit court only after she has first exhausted her administrative remedies before the State Board.

Affirmed.

SPECIAL JUSTICE JONANN CHILES joins in this opinion.

IMBER, J., not participating.