**Darryl V. TALLEY, Sr., Appellant**

v.

**CITY OF NORTH LITTLE ROCK and Tom Wadley, Appellees.**

No. 09–11.

Supreme Court of Arkansas.

Dec. 3, 2009.

Rehearing Denied Jan. 14, 2010.

Niswanger Law Firm PLC, by: Stephen B. Niswanger and Alexander Cale Block, Little Rock, for appellant.

C. Jason Carter, City Att'y, and Tjuana C. Byrd, Ass't City Att'y, for appellees.

JIM GUNTER, Justice.

Appellant appeals the circuit court's grant of judgment notwithstanding the verdict, based on its finding that the court lacked subject-matter jurisdiction due to appellant's failure to appeal according to

District Court Rule 9. On appeal, appellant asserts that (1) the jury awarded damages based on post-condemnation actions of the City of North Little Rock (the City), not the condemnation order itself, so whether appellant appealed the ordinance has no effect on jurisdiction; (2) the City did not obtain jurisdiction over the property because it did not comply with its own notification ordinances; (3) the City did not obtain jurisdiction over the property because it failed to appeal the issuance of the building permit to appellant; and (4) upholding this argument will give cities permission to carry out their ordinances in bad faith. We accepted certification of this case from the court of appeals, as it involves an issue needing clarification and development of the law or overruling of precedent. Therefore, this ₂court has jurisdiction pursuant to Ark. Sup.Ct. R. 1–2(b)(5). We affirm the trial court's grant of judgment notwithstanding the verdict.

Appellant first purchased the property at issue in 1998, and in 2004, appellant obtained a building permit for a three-unit apartment complex. Construction began but ceased after a few months, and in January 2005, the City revoked the building permit because construction had been abandoned. On February 8, 2006, the State Land Commissioner sold the property to ARChoice, LLC at a tax sale, because property taxes had not been paid on the property.

In May of 2006, appellant, who was no longer the owner of the property, was given notice that the City was considering condemnation of the property. The true owner, ARChoice, LLC, was given no notice. Appellant appeared at the city council meeting held on May 22, 2006, and asked the council to delay its consideration of condemnation. The City agreed to the delay as long as progress was made on the construction. Appellant obtained a renewed building permit on September 22, 2006; however, no progress was made on the construction, so the city council again considered condemnation of the property at its October 9, 2006, meeting. At that meeting, the council passed Resolution 7007, which condemned the property. On October 27, 2006, appellant repurchased the property from ARChoice, LLC.

In February 2007, appellant asked the city council to grant him relief from the condemnation order. The city attorney met with appellant and drew up a development ₃agreement, under which appellant could complete the apartment building providing he reacquired a building permit and met several mandatory construction benchmarks. If appellant failed to meet these benchmarks, the structure would be razed. The city council approved this agreement in Resolution 7077 on March 26, 2007.

Appellant's first benchmark was to have the structure "in the dry" within forty-five days of the city council's approval of the agreement, which was May 10, 2007.[1] On April 26, 2007, the City's Fire Chief inspected the building and found that several I-joists were rotten and posed a fire hazard. Appellant was advised to either have a structural engineer inspect and approve of the property or to replace the I-joists. Neither action took place, however, so after appellant's time to meet the first benchmark had passed, the City's Building Inspector issued a stop-work order on May 23, 2007. On June 7, 2007, appellant was notified that, due to his failure to meet the required deadline as stated in the develop-

---

1. The agreement defined "in the dry" as "the sheeting is completed, the windows are covered, the doors are installed, the OSB beneath the masonry is completed, and the roof is completely installed with shingles."

ment agreement, the partially completed building would be razed. Appellant was given until June 12, 2007, to salvage any materials from the building.

On June 12, 2007, appellant filed a complaint against the City for declaratory judgment and a preliminary and permanent injunction. Appellant asked the court to declare the condemnation resolution invalid because it was based on "inaccurate information about the safety of the structure" on the property, and he also asked that the development agreement be declared invalid for lack of consideration. The court granted appellant's motion for a preliminary injunction and set a hearing date of June 14, 2007. After the hearing, on June 27, 2007, the court entered an order denying appellant's motion for an injunction but holding that the structure on the subject property would not be razed pending a final determination at trial on the merits of appellant's complaint. Also on June 27, the City filed an answer to appellant's complaint, asserting that appellant lacked standing to challenge the condemnation resolution, as he was not the owner of the property when it was passed, and that the development agreement was valid because appellant signed it.

On September 25, 2007, appellant filed another motion for preliminary and permanent injunction, as well as an amended complaint, in which he alleged an abuse of process on the part of the City and violations of procedural due process rights, substantive due process rights, and the Takings Clause, citing 42 U.S.C. § 1983. A hearing on this motion for injunction was held on October 10, 2007, at which the City argued, inter alia, that appellant was required to abide by District Court Rule 9 in appealing the condemnation order, and because he had not done so by appealing within thirty days, the court had no jurisdiction.

On February 11, 2008, the City filed a motion to dismiss pursuant to Ark. R. Civ. P. 12(h)(3), which provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Ark. R. Civ. P. 12(h)(3) (2009). Appellant responded by asserting that, "[s]ince the true landowner was not served, as required by Defendant's own ordinances, the District Court never obtained jurisdiction. Therefore, there is no valid decision from which Plaintiff must appeal before initiating civil actions." A hearing on the City's motion to dismiss was held on April 14, 2008. After hearing arguments from counsel, the court denied the motion to dismiss at that time, pending further developments at trial, and ordered the parties to attempt mediation. Mediation proved unsuccessful, and on May 7, 2008, appellant filed a second amended complaint seeking punitive damages. On July 1, 2008, the City filed a counterclaim for breach of contract (with regard to the development agreement) and specific performance.

The case proceeded to a jury trial on August 6, 2008. At the close of appellant's case, the City moved for a directed verdict on the bases that (1) appellant had not exhausted his administrative remedies; (2) no taking had yet occurred because the structure had not been razed; and (3) appellant had failed to appeal the condemnation order within thirty days as provided by District Court Rule 9, nor had he filed the record as required by Rule 9, therefore the court had no jurisdiction. The court denied the motion and its renewal at the close of the City's case.

The jury returned several verdicts in appellant's favor and awarded him $75,138.78 for a violation of substantive due process, $0.00 for a violation of the Takings Clause, and also found that both

the condemnation resolution and the development agreement were invalid. The jury also found in favor of appellant on the City's counterclaim. The jury found for the City with regard to the alleged violation of procedural due process and abuse of process. An order to this effect was entered on August 28, 2008.

On the same day the order was entered, the City filed a motion for judgment notwithstanding the verdict and a brief in support of the motion. In short, the brief argued that appellant had failed to appeal the city council's actions in compliance with District Court Rule 9 and that this flaw was fatal to his claims and deprived the circuit court of subject-matter jurisdiction. In response, appellant argued that the City did not comply with its own procedural requirements, so the City's original actions were null and void; that the City incorrectly characterized his lawsuit as a "collateral attack" on the resolution agreement and condemnation resolution; and that the City had previously admitted that jurisdiction was proper in its answer and by filing a counterclaim. After a hearing on the motion held September 26, 2008, the circuit court entered an order for judgment notwithstanding the verdict, finding that because appellant failed to comply with District Court Rule 9, the court lacked subject-matter jurisdiction. This order was entered on September 29, 2008, and appellant filed a timely notice of appeal on October 7, 2008.

■ A trial court may grant a motion for judgment notwithstanding the verdict only if there is no substantial evidence to support the jury verdict and the moving party is entitled to judgment as a matter of law. *Fayetteville Diagnostic Clinic v. Turner*, 344 Ark. 490, 42 S.W.3d 420 (2001). Substantial evidence is evidence of sufficient force and character that it will compel a conclusion one way or another; it

must force the mind beyond mere suspicion or conjecture. *Ellis v. Price*, 337 Ark. 542, 990 S.W.2d 543 (1999). On appeal we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the party against whom the judgment notwithstanding the verdict was rendered. *Id.*

On appeal, appellant raises four arguments: (1) the jury awarded damages based on the City's post-condemnation actions, not the condemnation order itself, so whether appellant appealed the ordinance has no effect on jurisdiction; (2) the City did not obtain jurisdiction over the property because it did not comply with its own notification ordinances; (3) the City did not obtain jurisdiction over the property because it failed to appeal the issuance of the building permit to appellant; (4) upholding this argument will give cities permission to carry out their ordinances in bad faith. However, none of these arguments squarely addresses the basis for the grant of the judgment notwithstanding the verdict, which was lack of subject-matter jurisdiction. But, as jurisdiction is a threshold issue, as well as the basis of the order being appealed, we shall address jurisdiction first.

■ District Court Rule 9(a) (2009) provides that "[a]ll appeals in civil cases from district courts to circuit court must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal within 30 days from the date of a docket entry awarding judgment regardless of whether a formal judgment is entered." In *Ingram v. City of Pine Bluff*, 355 Ark. 129, 133 S.W.3d 382 (2003), this court explained that Rule 9 applies to city council and planning commission resolutions via Ark.Code Ann. § 14–56–425 (Repl.1998), which states:

In addition to any remedy provided by law, appeals from final action taken by

the administrative and quasi-judicial agencies concerned in the administration of this subchapter may be taken to the circuit court of the appropriate county where they shall be tried de novo according to the same procedure which applies to appeals in civil ₁₈actions from decisions of inferior courts, including the right of trial by jury.

We also made clear that the filing requirements of Rule 9 are mandatory and jurisdictional, and failure to comply prevents the circuit court from acquiring subject-matter jurisdiction. *Ingram, supra.* In addition, this court has long held that failure to exhaust administrative remedies is grounds for dismissal. *Douglas v. City of Cabot,* 347 Ark. 1, 59 S.W.3d 430 (2001).

In the present case, the circuit court found, in its order for judgment notwithstanding the verdict, that appellant had failed to appeal any of the city council's decisions, which were appealable city actions, and instead attempted to collaterally attack the city council's decision. We agree that both Resolution 7007 and Resolution 7077 were appealable orders; however, appellant had no standing to appeal Resolution 7007, the condemnation order, as he was not the owner of the property, either at the time notice was given or when the resolution was passed, and appellant had no reason to appeal Resolution 7077, which approved the development agreement, because appellant had in fact already agreed to its terms.

However, in addition to the above resolutions, the stop-work order entered May 23, 2007, was also an appealable order. Pursuant to Ark.Code Ann. § 14–56–416 (Repl.1998), which provides for the creation of a board of zoning adjustment and delineates the board's functions, the proper appeal process was to appeal to the North Little Rock Board of Adjustments and, failing a satisfactory ruling before the Board, to appeal to the circuit court pursuant to District Court Rule 9. *See Douglas, supra* (dismissing appeal for failure to exhaust administrative remedies where appellants failed to appeal the board's decision and instead ₁₉elected to file an original mandamus petition in the circuit court). In the case at bar, appellant failed to appeal the stop-work order in the proper manner and instead instituted a direct action in the circuit court. Our case law simply does not support such an action. *See Ingram, supra; see also Bd. of Zoning Adjustment of the City of Little Rock v. Cheek,* 328 Ark. 18, 942 S.W.2d 821 (1997) (holding that circuit court had no jurisdiction to hear property owner's appeal where he failed to appeal the Little Rock Board of Zoning Adjustment's decision pursuant to District Court Rule 9 and instead filed a complaint in the circuit court seeking a declaratory judgment).

One additional argument that warrants discussion is appellant's assertion that his causes of action under 42 U.S.C. § 1983 could not have been addressed by the city council, so District Court Rule 9 does not apply to those claims. To support this argument, appellant cites *Ingram, supra,* in which this court affirmed in part the trial court's grant of a motion on the pleadings because the appellant had failed to timely appeal the city's decision according to the dictates of Rule 9. We reversed and remanded, however, the appellant's claims for fraud and breach of contract against individual members of the city council, stating,

> Ingram could not have raised the fraud and breach of contract claims against the individual appellees, acting in their personal capacities, before the City Council Planning Commission. Because Rule 9 did not apply to the causes of action against the individual appellees, the trial court had jurisdiction to hear

these claims. Therefore, we reverse the judgment on the pleadings as to those claims involving appellees Dixon, King, and Taylor, and we remand the case to the trial court to proceed on those claims.

*Ingram,* 355 Ark. at 137, 133 S.W.3d at 387. The basis for our reversal in *Ingram,* however, was that the claims were against individual appellees acting in their personal capacities, which is different from the case at bar. All of appellant's claims are against the City generally and Tom Wadley in his official capacity as the Director of North Little Rock's Code Enforcement Department. Therefore, appellant's reliance on *Ingram* is misplaced. In addition, this distinction comports with the fact that, in *Ingram,* this court did not remand the appellant's constitutional claims regarding substantive and procedural due process violations against the city in its official capacity. We also note that whether the city council could have addressed appellant's alleged constitutional violations is of no moment, as appellant was still required to appeal the City's actions upon which those allegations were based pursuant to the proper procedures.

In conclusion, we find that appellant failed to exhaust his administrative remedies or otherwise comply with District Court Rule 9, and we therefore affirm the circuit court's order of judgment notwithstanding the verdict. Our disposition of this case renders it unnecessary to discuss appellant's remaining points on appeal.

Affirmed.

IMBER, J., not participating.