Cite as 2023 Ark. App. 435

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-21-549

|  |  |
|---|---|
| CHARLES "CHUCK" FRANKHOUSE<br>APPELLANT<br><br>V.<br><br>CITY OF RUSSELLVILLE, ARKANSAS<br>APPELLEE | Opinion Delivered October 4, 2023<br><br>APPEAL FROM THE POPE COUNTY<br>CIRCUIT COURT<br><br>[NO. 58CV-21-115]<br><br>HONORABLE DENNIS CHARLES<br>SUTTERFIELD, JUDGE<br><br>APPEAL DISMISSED |

## RITA W. GRUBER, Judge

Charles "Chuck" Frankhouse appeals the July 27, 2021 order of the Pope County Circuit Court. On appeal, he contends that the circuit court erred in dismissing his appeal for lack of subject-matter jurisdiction. He makes five arguments in support of that contention: (1) there were no administrative remedies available to him; (2) there was no genuine opportunity for adequate relief for him; (3) exhausting his administrative remedies would have been futile; (4) the circuit court erred in dismissing his requests for a declaratory judgment and for an injunction; and (5) the city denied him due process. We dismiss.

I. *Factual and Procedural Background*

On March 25, 2021, Frankhouse filed a "Notice of Appeal, Complaint for Declaratory Judgment, and Motion for Preliminary and Permanent Injunction" (collectively, the "lawsuit") against appellee, the City of Russellville (the City). In the lawsuit, under the

heading "Notice of Appeal" (appeal), Frankhouse alleged that he was appealing de novo from the February 23, 2021 "final administrative decision" of the city council (City Council) denying his request to rezone his real property.

In the lawsuit, Frankhouse alleged the following under the heading "Petition for Declaratory Judgment." He owns real property within the City, upon which is a building that he has consistently and continually operated as residential apartments, with no expansions or alterations made to the building for the last twenty years. Despite Frankhouse's property having been classified as "C-2: Highway Commercial District" since the adoption of City Ordinance Number 1966 (Ord. 1966) on April 19, 2007, he has been issued an occupation license each year with respect to the operation of the apartments on the property. This changed in 2020, when a representative of the City Permits and Planning Department informed Frankhouse that he must request that the City Council rezone his property from C-2 to R-3, which is "a medium/high density residential district zoning classification." He did just that in December 2020, but his rezoning request was denied at the regular February 23, 2021 City Council meeting. Frankhouse contended that under the provisions of Ord. 1966, he was entitled to continue the nonconforming use of his property without interference from the City or the necessity of rezoning the property because his use of the property had conformed prior to the City enacting Ord. 1966.

In his lawsuit, under the heading "Petition for Preliminary and Permanent Injunction," Frankhouse alleged that on March 25, 2021, the City served his tenants with a notice to vacate, which was also posted on his property (the "notice"). Frankhouse contended

2

that because he had been using his property in a lawful manner, the City was without authority to require his tenants to vacate the premises. Frankhouse requested that the circuit court enter an order declaring he was not required to obtain a change in the zoning classification and was entitled to continue to use the property as apartments. Frankhouse also requested that the court issue a preliminary injunction ordering the City to cease and desist from pursuing the eviction of his tenants and to issue him the "necessary permits." A copy of Ord. 1966 was attached to the lawsuit as was a copy of portions of the zoning code.

On April 6, 2021, the City filed a motion to dismiss the lawsuit with prejudice, pursuant to Arkansas Rule of Civil Procedure 12(b)(1) and (6), asserting the circuit court lacked subject-matter jurisdiction and that Frankhouse had failed to state a claim for which relief could be granted. The City alleged that its administrative official discovered Frankhouse was operating a multifamily dwelling at his property in violation of the zoning code; Frankhouse's application to have his property rezoned was denied; and the administrative official informed Frankhouse that he must cease his nonconforming use of the property, or he would be subject to enforcement action. The City characterized Frankhouse's rezoning request as legislative and the notice as administrative. The City set out that, pursuant to Ark. Code Ann. § 14-56-416(b) (Repl. 1998) and its own zoning code, it has a board of zoning adjustment (BOA), which provides administrative review of any order, requirement, decision, or determination made by the administrative official in the enforcement of the zoning code. The City argued that Frankhouse had failed to exhaust his administrative remedies because instead of appealing the administrative official's decision to

serve and post the notice—an action to enforce the City's zoning code—to the BOA, Frankhouse filed the lawsuit. The City then argued that Frankhouse's request for declaratory judgment was not an independent cause of action under the circumstances but, rather, rose and fell with the appeal to the circuit court. The City further argued that Frankhouse's request for injunctive relief, being an equitable remedy and not an independent cause of action, also rose and fell with the appeal, and he had failed to show a likelihood of succeeding on the merits or proof of irreparable harm. The City attached to its motion copies of Article IX of its zoning code, Ord. 1966, and a table of permitted uses.

Frankhouse responded to the motion on April 29, 2021—taking no exception to the fact that it went beyond the allegations within his lawsuit and attaching the notice at issue as an exhibit. Frankhouse set out that he was dismissing the appeal, specifying that it had been made in relation to the rezoning-request denial. He then explained that his requests for a declaratory judgment and injunctive relief were not based on the rezoning-request denial but rather "upon the action of the City in attempting to require . . . [him] to cease the current use of the said property, including the service of a notice upon [him] and occupants residing in the property . . . ." Frankhouse then once more asserted that his remaining requests were for the court to prohibit the City from enforcing the notice.

The City replied, reiterating its prior arguments, distinguishing the authorities cited by Frankhouse, and attaching the affidavit of Sara Jondahl, the City Planner and Director of Planning and Zoning, as well as City Ordinance Number 1740, which adopted the zoning code that was in place prior to April 19, 2007. Jondahl's affidavit stated her familiarity with

4

the circumstances at issue: that the notice was posted March 25, 2021, the same day the lawsuit was filed; that the City became aware of the lawsuit on March 26, and her office removed the posted notice that same day; and that the City would be taking no further action until a decision was reached by the circuit court.

On July 27, 2021, a hearing was held on the motion. At the hearing, the court asked Frankhouse's counsel if Frankhouse had exhausted his administrative appeals, to which he replied that Frankhouse had "dropped that" in reference to the rezoning effort. Frankhouse's counsel asserted that the lawsuit was filed to get an injunction prohibiting the City from "trying to vacate the property" without complying with its own regulations. Frankhouse's counsel explained that Frankhouse "had no problem with going" to the BOA, which "would be the normal thing to do," but had sought injunctive relief instead because it was "deemed it to be the most appropriate measure" given the "gravity" and "uncertainty" of the circumstances. Frankhouse's counsel recognized that the City had not taken enforcement action on the notice but believed "the question of the zoning" remained open. Frankhouse's counsel then argued that Frankhouse should be permitted to continue his nonconforming use, and when asked if that was the argument that would be made in front of the BOA, his counsel replied, "Absolutely." His counsel then stated that Frankhouse "would ask the Court, if the Court deems it appropriate . . . to remand the matter to the Planning Commission, or the [BOA]" so a record could be developed and that the court had "equitable authority" to do so.

That same day, the circuit court entered an order granting the motion and dismissing the lawsuit without prejudice. The court found that Frankhouse "failed to exhaust his administrative remedy by filing his appeal of the zoning administrative official's decision with the [BOA] as required" by the City's zoning code and that the failure deprived the court of subject-matter jurisdiction. The court further found that because it did not have subject-matter jurisdiction over the lawsuit, it could not remand it to the BOA. The order makes no mention of declaratory judgment, injunctive relief, or due process. This timely appeal followed.

## II. *Standard of Review*

As an initial matter, we must determine the appropriate standard of review. While the circuit court granted the City's motion, the record reflects that it did so "based on the [City's] pleadings and arguments submitted," indicating that the circuit court may have considered matters outside of the pleadings, for example, Jondahl's affidavit, which was attached to the City's motion. It is well settled that when a circuit court considers matters outside the pleadings, the appellate court will treat a motion to dismiss as one for summary judgment. *Comcast of Little Rock, Inc. v. Bradshaw*, 2011 Ark. 431, at 6, 385 S.W.3d 137, 141. Ordinarily, upon reviewing a court's decision on a summary-judgment motion, we would examine the record to determine if genuine issues of material fact exist. *Id.* However, in a case such as this one, which does not involve the question of whether factual issues exist but rather the application of legal rules, we simply determine whether the appellee was entitled to judgment as a matter of law. *Id.* As to issues of law presented, this court's review is de

6

novo. *JMAC Farms, LLC v. G&C Generator, LLC*, 2017 Ark. App. 658, at 7, 537 S.W.3d 274, 278.

### III. *Discussion*

Frankhouse took issue with two actions by the City: (1) the denial of his rezoning request; and (2) the posting of the notice to vacate on his property. Frankhouse abandoned his appeal of the denial of his rezoning request, which is legislative in nature. *See, e.g., PH, LLC v. City of Conway*, 2009 Ark. 504, at 11, 344 S.W.3d 660, 666. The circuit court was left with Frankhouse's requests for a declaratory judgment and injunctive relief—both of which were firmly tied to the notice, an administrative action.

Frankhouse first argues that he properly filed his lawsuit because there was no other option available to him. The City argues that the circuit court's dismissal was correct because posting the notice was administrative in nature, and Frankhouse did not attempt to appeal the administrative official's decision. Instead, he chose to immediately seek relief from the circuit court. However, that was not the proper route.

Arkansas Code Annotated section 14-56-416(b)(2)(A) permits a BOA to hear appeals from the decisions of administrative officers regarding the enforcement or application of zoning ordinances. The statute also provides that the BOA's decisions shall be subject to appeal only in a court of record having jurisdiction. Ark. Code Ann. § 14-56-416(b)(2)(B)(ii)*(a)*. Arkansas Code Annotated section 14-56-425(a)(1) (Supp. 2023) explains that an appeal from the "final administrative or quasi-judicial decision by the municipal body administering this subchapter shall be taken to the circuit court of the appropriate county

7

using the same procedure as for administrative appeals of the District Court Rules of the Supreme Court." It further provides that the "final administrative or quasi-judicial decision shall be tried de novo with the right to a trial by jury." Ark. Code Ann. § 14-56-425(a)(2).

The City's zoning code provides for a BOA that has "all the powers and duties prescribed by law" and the City's zoning code, which includes administrative review—specifically, the ability to "hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by the administrative official in the enforcement of this Zoning Code." Russellville, Ark., Code of Ordinances § 9.3 (Municode through Ordinance No. 1966, enacted Apr. 19, 2007). The zoning code further provides that "any person aggrieved by a decision of the Administrative Official in interpreting any section of this Code may make an appeal to the [BOA]" in writing "within 10 days after the decision has been rendered by the administrative official." *Id.* § 9.4.1. It further provides that "after receipt of the application for approval, the Public Works Department shall schedule a hearing at the next available meeting of the [BOA] and shall so inform the applicant." *Id.*

The doctrine of exhaustion of administrative remedies provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. *Brown v. Towell*, 2021 Ark. 60, at 8, 619 S.W.3d 17, 21. The City had administrative remedies in place that Frankhouse could have pursued but did not. Rather, he circumvented the appropriate process by filing a lawsuit in the circuit court instead of following the City's zoning code. *See, e.g.*, *Talley v. City of N. Little Rock*, 2009 Ark. 601, at 8–9, 381 S.W.3d 753, 757. In going straight to the circuit court regarding the notice,

8

Frankhouse attempted to sidestep the statutory process by which the circuit court and, ultimately, this court would have been provided with a fully developed record rather than just the notice to vacate. The circuit court did not err in concluding that Frankhouse failed to exhaust his administrative remedies, which was grounds for dismissal. *See Douglas v. City of Cabot*, 347 Ark. 1, 4, 59 S.W.3d 430, 431–32 (2001). Even Frankhouse recognizes this, when he acknowledged at the hearing that going to the BOA "would be the normal thing to do."

Frankhouse is correct that there are exceptions to the exhaustion-of-administrative-remedies doctrine. *Brown*, 2021 Ark. 60, at 8–9, 619 S.W.3d at 22. For example, exhaustion of remedies is not required when no genuine opportunity for adequate relief exists or when irreparable injury will result if the complaining party is compelled to pursue administrative remedies. *Id.* at 9, 619 S.W.3d at 22. Exhaustion of remedies is also not required when an administrative appeal would be futile. *Id.* Frankhouse argues each exception on appeal. The City responds that Frankhouse's arguments were neither made nor ruled upon and are thus not preserved. It further contends that the requests for a declaratory judgment and injunctive relief are not independent causes of action, but rather, they are essentially an appeal of the notice. The City also argues that Frankhouse failed to show a likelihood of succeeding on the merits or proof of irreparable harm in support of his request for injunctive relief.

The City is correct that Frankhouse's arguments regarding the exceptions were either not made or not fully developed to the circuit court. Thus, our review is precluded. *See, e.g.,* *Morris v. Knopick*, 2017 Ark. App. 225, at 12, 521 S.W.3d 495, 503 (appellant's failure to

fully develop argument precludes appellate review). The record reflects that Frankhouse went straight to the courthouse because of "the gravity of the action that the City was proposing to take" and "the uncertainty about what they could do," not because there were *no* other options available or that utilizing those options would be futile. Frankhouse's perception of failings in the process cannot be addressed by avoiding the administrative procedure altogether. As to Frankhouse's arguments regarding his requests for a declaratory judgment and injunctive relief, there were no findings or rulings by the circuit court specific to those requests, and this court will not review a matter on which the circuit court has not ruled. *See Anderson-Tully Co. v. Vaden*, 2018 Ark. App. 484, at 5, 562 S.W.3d 249, 251–52. The same is true for Frankhouse's arguments regarding due process. *See, e.g.*, *Lewis v. Robertson*, 96 Ark. App. 114, 117, 239 S.W.3d 30, 33 (2006) (holding that an appellate court will not review an issue, even one that is constitutional in nature, if no ruling was obtained).

The record demonstrates that Frankhouse failed to exhaust his administrative remedies, which left the circuit court without subject-matter jurisdiction, which likewise leaves this court without jurisdiction. *See Staton v. Am. Mfrs. Mut. Ins. Co.*, 362 Ark. 96, 100, 207 S.W.3d 456, 458 (2005) (granting of summary judgment to appellee was proper where the circuit court lacked jurisdiction due to a failure to exhaust administrative remedies); *see also Perroni v. Sachar*, 2017 Ark. 59, at 6, 513 S.W.3d 239, 242–43 (dismissing appeal where the circuit court lacked subject-matter jurisdiction). Accordingly, we dismiss the appeal.

Appeal dismissed.

GLADWIN and MURPHY, JJ., agree.

10

*Richard Mays Law Firm PLLC*, by: *Richard H. Mays*, for appellant.

*William F. Smith III*, for appellee.